UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROSIE PEARL MITCHELL,

    Plaintiff,

v.                                    Case No. 3:20cv5922/MCR/ZCB

ESCAMBIA COUNTY SCHOOL
DISTRICT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* employment discrimination case brought under 42 U.S.C. § 2000e (Title VII of the Civil Rights Act) and 29 U.S.C. § 621 (Age Discrimination in Employment Act (ADEA)). Plaintiff claims that her former employer, the Escambia County School District (Defendant), terminated her, failed to promote her, and retaliated against her based on her race, gender, and age. (Doc. 1 at 8-10). Currently before the Court is Defendant's Motion for Summary Judgment. (Doc. 29). The Court invited Plaintiff to respond to Defendant's motion, but she has failed to do so. (*See* Doc. 32).[1] For the reasons below, Defendant's motion for summary judgment should be granted.

---

[1] Although Plaintiff failed to respond to Defendant's motion for summary judgment and Local Rule 7.1(H) provides that the Court may "grant a motion by default" if the opposing party does not file an opposition, the Court will nonetheless consider

1

## I.   Background

Defendant first hired Plaintiff in September 1996. (Doc. 1 at 6). She began as a contractual, year-to-year employee on the Information Technology (IT) Department's payroll team. (*Id.*). In March of 2006, Plaintiff was promoted to System Analyst of Operations. (*Id.*). Then, in November 2018, Plaintiff applied for her retired supervisor's position as Coordinator of Management Information Systems. (*Id.*). Plaintiff did not receive the promotion. (*Id.*). Instead, Defendant hired Penelope Harris, a white female employee. (*Id.*).

Plaintiff claims Ms. Harris was less qualified to receive the promotion because Ms. Harris had only a two-year associates degree and been in the IT Department five years—as opposed to Plaintiff's bachelor's and master's degree in Computer Science and her over twenty years of experience in the IT Department. (*Id.*). In July 2019, Plaintiff received a poor performance review from Ms. Harris. (Doc. 31-1 at

---

Defendant's motion on the merits. *See Trustees of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps. v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (stating that a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion"). When a motion is unopposed, however, the Court is not required to "sua sponte review all of the evidentiary materials on file at the time the motion is granted." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). Instead, the Court must "review all of the evidentiary materials submitted in support of the motion for summary judgment" to "ensure that the motion itself is supported by evidentiary materials." *Id*.

8; *see also* Doc. 1-2 at 1). Plaintiff refused to sign the review because she disagreed with it. (Doc. 1-2 at 1).

One year later—on May 7, 2020—Defendant informed Plaintiff that her contract would not be renewed. (Doc. 1 at 6). According to Plaintiff, Defendant filled her position with a less qualified white male and "denied other more qualified minority candida[tes]." (*Id.* at 5; Doc. 31-2 at 23). Plaintiff claims that she had high-scoring reviews up until her 2019 evaluation with Ms. Harris. (Doc. 1 at 7). Because she believes she was performing her job well, Plaintiff alleges she was terminated based on her race, sex, and age and in retaliation for refusing to sign her 2019 evaluation. (*Id.*).

Defendant, on the other hand, asserts that Plaintiff's contract was not renewed because of poor work performance. According to Defendant, Plaintiff's performance had been unsatisfactory for several years. To support that assertion, Defendant has submitted Plaintiff's annual performance reviews from 2016 through 2020.[2] These reviews consist of a rating of "highly effective," "effective," "needs

---

[2] As previously noted, Defendant has supported its motion with numerous documents, including Plaintiff's annual reviews, sworn affidavits, and excerpts from Plaintiff's deposition. (Docs. 30, 31). Because Plaintiff has not responded to Defendant's Motion for Summary Judgment, the evidence submitted in support of the motion is treated as undisputed. *See* Fed. R. Civ. P. 56(e)(2) (stating that if a party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" for summary judgment); *see also Ministerios El Camino v. Scottsdale Ins. Co.*, 587 F. Supp. 3d 1194, 1202 (S.D. Fla. 2022) (treating the evidence submitted in support of the defendant's

improvement," or "unsatisfactory" in eleven different "components." (Doc. 31-1 at 3-8). In July 2016, Plaintiff received a "highly effective" rating in all eleven components and scored 100 out of 100. (*Id.* at 5). But her marks declined significantly after 2016. (*Id.* at 3-8). In June 2017, Plaintiff's supervisor met with her to discuss concerns with her performance. (*Id.* at 9; Doc. 31-3 at 11-13). The following month, at her annual review, Plaintiff's score dropped to a 63.9 out of 100. (Doc. 31-1 at 6). She was rated "highly effective" in eight components, "effective" in two components, and "needs improvement" in one component. (*Id.*). In November 2018, Ms. Harris became Plaintiff's supervisor when she was promoted to Coordinator of Management Information Systems. Ms. Harris first evaluated Plaintiff on November 29, 2018. (*Id.* at 7; Doc. 30-2 at 1). She rated Plaintiff's performance as "effective" in all eleven components of the evaluation. (Doc. 31-1 at 7).

After Plaintiff's 2018 review, Ms. Harris received an email complaint about Plaintiff's performance from the Director of the School District's Maintenance Department, Greg Gibbs. (Doc. 31-1 at 14). Plaintiff was the IT employee responsible for supporting the Maintenance Department's transition to the TeamWorks system. (*Id.*; *see also* Doc. 31-2 at 13-14). Mr. Gibbs expressed

---

motion for summary judgment as "uncontroverted" because the plaintiff failed to oppose the motion for summary judgment).

frustration with Plaintiff's performance on the TeamWorks project and requested that the IT Department assign another employee to the project. (Doc. 31-1 at 14).

The day after receiving the email, Ms. Harris and Mr. Thomas Ingram (Director of IT) met with Plaintiff to discuss Mr. Gibbs's request. (Doc. 31-1 at 15; Doc. 31-2 at 16-17). Mr. Ingram told Plaintiff that he had agreed to honor Mr. Gibbs's request to assign another IT employee to work on the TeamWorks project for the Maintenance Department. (Doc. 31-1 at 15). Ms. Harris and Mr. Ingram explained to Plaintiff that there was a data discrepancy in the information system Plaintiff was tasked with maintaining on behalf of the Maintenance Department. (Doc. 31-1 at 15; Doc. 31-2 at 16-20). Plaintiff admitted to the data discrepancy, but she blamed it on the Maintenance Department's staff. (Doc. 31-1 at 15; Doc. 31-2 at 20). Mr. Ingram and Ms. Harris disagreed, and Plaintiff was removed from the project. (Doc. 31-1 at 15).

On July 1, 2019, Ms. Harris completed another evaluation of Plaintiff. (Doc. 31-1 at 8). In that evaluation, Plaintiff's overall score was a 63.9 out of 100. (*Id.*). She received a "highly effective" rating in only two components, "effective" in seven components, and "needs improvement" in two components. (*Id.*). Ms. Harris reviewed the evaluation with Plaintiff. (Doc. 30-2 at 2). Plaintiff refused to sign the evaluation because she disagreed with it. (*Id.*; *see also* Doc. 1-2 at 1). She also

5

believed she was not properly forewarned about the performance issues noted in the evaluation. (Doc. 31-3 at 10).

Because Plaintiff had refused to sign Ms. Harris's 2019 evaluation of her work, Mr. Ingram decided to complete Plaintiff's evaluation for 2020. (Doc. 30-1 at 2). He completed Plaintiff's annual evaluation earlier in the year, on February 3, 2020, to allow time for improvement before the expiration of her contract in June of 2020. (*Id.*; *see also* Doc. 31-1 at 4). Mr. Ingram rated Plaintiff "effective" in only one of the eleven components, "needs improvement" in five components, and "unsatisfactory" in three components. (Doc. 31-1 at 4). Her score was -2.00 out of 100. (*Id.*; *see also* Doc. 31-1 at 3). Plaintiff was placed on a strategic improvement plan. (Doc. 31-3 at 30).

By March 2020, Mr. Ingram saw no signs of improvement. (Doc. 30-1 at 2). At that time, Mr. Ingram was faced with deciding whether to recommend Plaintiff's contract be renewed for the fiscal year starting July 1, 2020. (*Id.*). He determined "that because of [Plaintiff's] unsatisfactory performance and lack of improvement," he "would not recommend her for another annual contract." (*Id.* at 2, 3). He affirmed that recommendation in May 2020. (*Id.*). As a result, Plaintiff's contract was not renewed and her employment with Defendant ended on June 30, 2020. (*Id.*; Doc. 1 at 6).

On July 28, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Doc. 1-2). She alleged discrimination based on "race," "sex," "retaliation," and "age" between June 1, 2019, and June 30, 2020. (*Id.* at 1). Under the section of the form entitled "particulars," Plaintiff wrote:

> I am a 63-year old Black female. I was hired by [Defendant] in September 1996. In March 2006, I was promoted to System Analyst of Operation. In 2018, I applied for the Coordinator of Management Information Systems position. Penelope Harris (White, female) was selected for the position. She was less qualified than me for the position. [Defendant] has a history of promoting unqualified White employees for management positions.
>
> In 2019, I refused to sign my evaluation given to me by Penelope Harris. I disagreed with the rating. In February 2020, another evaluation was given to me and I was placed on a strategic improvement plan. In May 2020, I was informed that my contract would not be renewed.
>
> . . . .
>
> I have been retaliated and discriminated against in violation of Title VII of The Civil Rights Act of 1964, as amended, The Age Discrimination in Employment Act.

(*Id.* at 1-2). On August 5, 2020, the EEOC issued a "Dismissal and Notice of Rights" indicating that, based on its investigation, it was "unable to conclude that the information obtained establishes violations of the statutes." (Doc. 1-1). Plaintiff subsequently filed this lawsuit.

7

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248.

At bottom, the summary judgment question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. When answering that question, courts view the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But the nonmoving party bears the burden of coming forward with sufficient evidence on each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla" of evidence is insufficient to meet that burden. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004). Likewise, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). At the summary judgment stage, the judge is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

Plaintiff has brought claims for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and age discrimination under the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. In the employment context, the same framework (known as the *McDonnell Douglas* framework) applies to both Title VII and ADEA claims. *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (applying the *McDonnell Douglass* framework to the plaintiff's ADEA claims); *Grant v. Elmore Cnty. Bd. of Educ.*, No. 22-11448, 2023 WL 309309 (11th Cir. Jan. 19, 2023) (applying the *McDonnell Douglas* framework to the plaintiff's Title VII and ADEA claims). That framework is described briefly below.

A plaintiff may prove discriminatory intent by either direct or circumstantial evidence. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (Title VII); *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1270 (11th Cir. 2014) (ADEA claims). If basing a claim on circumstantial evidence of discrimination (as Plaintiff does here), the claim is evaluated using the framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under that framework, a plaintiff must first create an inference of discrimination through a *prima facie* case. *Id.* at 802. Once a plaintiff has made out the elements of a *prima facie* case, the burden shifts to the defendant-employer to articulate a non-

9

discriminatory basis for its employment action. *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). "If the employer meets this burden, the inference of discrimination drops out of the case entirely, and the plaintiff has the opportunity to show by a preponderance of the evidence that the proffered reasons were pretextual." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005). "Where the plaintiff succeeds in discrediting the employer's proffered reasons, the trier of fact may conclude that the employer intentionally discriminated." *Id.*

As an alternative to the *McDonnell Douglas* framework, "an employee can still survive summary judgment by presenting circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (cleaned up). A triable issue of fact exists if the plaintiff "presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* "A plaintiff may establish a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Id.* (cleaned up). As explained below, Plaintiff has failed to establish a genuine issue of material fact under any framework.

### A. Plaintiff failed to administratively exhaust her claims that Defendant failed to promote her because of her race, sex, and age.

As a prerequisite to filing suit under Title VII or the ADEA, a plaintiff must exhaust available administrative remedies by filing a charge of discrimination with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). To be timely, an employment discrimination charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Thus, the "starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010). An employment discrimination claim is subject to dismissal if it was not exhausted through the EEOC process. *See id*. (affirming dismissal of an employment discrimination claim because it was not exhausted).

Defendant argues that summary judgment is appropriate on Plaintiff's failure to promote claims because she failed to properly exhaust them with the EEOC. The Court agrees.

In the complaint filed with this Court, Plaintiff claims she was discriminated against on two occasions: (1) when she was not promoted to the Coordinator of Management Information Systems in November 2018, and (2) when her contract was non-renewed in June of 2020. Plaintiff's EEOC charge was filed on July 28,

11

2020, which was well beyond the EEOC's 180-day statutory deadline regarding her claim that in November 2018 she was not promoted because of her race, sex, and age. (Doc. 1-2; Doc. 31-3 at 34 (admitting she made the complaint after she was no longer employed by Defendant)). Moreover, while Plaintiff's EEOC charge of discrimination mentions the 2018 failure to promote incident in the box titled "particulars," Plaintiff wrote that the discrimination forming the basis of her EEOC charge occurred at the earliest on June 1, 2019 and at the latest on June 30, 2020. (Doc. 1-2 at 1) (see box titled "Date(s) Discrimination Took Place"). These dates preclude the November 2018 failure to promote incident and, therefore, Plaintiff failed to exhaust her failure to promote claims with the EEOC.

Because Plaintiff failed to properly exhaust her failure to promote claims with the EEOC, she cannot prevail on those claims in federal court. *See Anderson*, 379 F. App'x at 926-27 (affirming a district court's dismissal of the plaintiff's failure to promote claim because the claim developed before the events that gave rise to his EEOC charges); *see also Edmonds v. Southwire Co.*, 58 F. Supp. 3d 1347, 1354-55 (N.D. Ga. 2014) (dismissing employment discrimination case because the plaintiff failed to properly and timely exhaust administrative remedies with the EEOC). Defendant, therefore, is entitled to summary judgment on Plaintiff's claims that Defendant failed to promote her because of her race, sex, and age.

### B. Defendant is entitled to summary judgment on Plaintiff's wrongful termination claims.

Plaintiff claims she was wrongfully terminated from her employment because of her race and sex, in violation of Title VII, and because of her age, in violation of the ADEA. Defendant is entitled to summary judgment on both claims.

#### 1. Race and Sex Discrimination Claims

To establish a *prima facie* case of wrongful termination based on race or sex discrimination in violation of Title VII, Plaintiff must show that (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job; and (4) her employer treated "similarly situated" employees outside her class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019). "To satisfy the fourth element, a plaintiff must show that [s]he and her comparators are 'similarly situated in all material respects." *Cooper v. Georgia Dep't of Trans.*, 837 F. App'x 657, 667 (11th Cir. 2020). While a case-specific inquiry, the Eleventh Circuit has recognized that a similarly situated comparator will: (1) "engage[] in the same basic conduct (or misconduct) as the plaintiff"; (2) be "subject to the same employment policy, guideline, or rule as the plaintiff"; (3) "ordinarily (although not invariably) [be] under the jurisdiction of the same supervisor as the plaintiff"; and (4) "share the plaintiff's employment or disciplinary history." *Lewis*, 918 F.3d at 1227-28.

13

Defendant does not argue that Plaintiff failed to satisfy the first three prongs of a *prima facie* case. It does, however, deny that it treated similarly situated employees outside of Plaintiff's protected groups more favorably. (Doc. 29 at 11-13). Plaintiff alleges that Defendant hired David Scruggs—a less qualified white male—in her place after her contract expired in June 2020. (Doc. 1 at 5; Doc. 31-2 at 23). Beyond her bare and conclusory allegations, Plaintiff has not put forth any evidence to support her claim that she and any comparators were "similarly situated." In her deposition, Plaintiff named Mr. Scruggs as a comparator. (Doc. 31-2 at 23). Plaintiff—who, as previously noted, has not responded to Defendant's motion for summary judgment—has come forward with no evidence that Mr. Scruggs was similarly situated to her in all material respects.

Mr. Scruggs worked for the "first level of [IT] support" at the "Help Desk"; he was not a System Analyst of Operations like Plaintiff. (Doc. 31-2 at 24). And there is no evidence that Mr. Scruggs had the same performance issues as Plaintiff and was not disciplined in the same manner. Mr. Scruggs, therefore, is not an appropriate comparator. *See Milton v. Gray Media Grp., Inc.*, __ F. Supp. 3d __, 2022 WL 10655830, at *8-9 (N.D. Ala. Oct. 18, 2022) (finding the plaintiff failed to provide evidence of a valid comparator when she named people with different job titles and responsibilities, and when those she had named did not suffer from the same performance issues). Without evidence that Defendant treated similarly

situated employees outside of the protected class more favorably, Plaintiff has failed to raise an inference of intentional discrimination.

Even if Plaintiff made out a *prima facie* case, she has failed to show that Defendant's stated reason for terminating her employment is a pretext for illegal discrimination. Defendant's stated reason for not renewing Plaintiff's contract was poor job performance. Defendant has provided several documents supporting the stated reason for termination, all of which are undisputed in the absence of a response from Plaintiff. *See* Fed. R. Civ. P. 56(e)(2) (stating that a court may consider a "fact undisputed for purposes of the motion" if a party "fails to properly address another party's assertion of fact").

While Plaintiff has claimed that some of the evidence—such as her ratings, the reasons for Mr. Gibbs's complaint, etc.—was susceptible to manipulation, she has offered no evidence that Defendant actually manipulated any evaluations or rating in this case. *McCurdy v. Alabama Disability Determination Serv.*, 753 F. App'x 784, 794 (11th Cir. 2018) ("Conclusory allegations of bias, or that [the defendant] manipulated her evaluations, do not create a genuine issue of material fact regarding whether [the defendant's] stated reason for termination was a pretext for illegal discrimination."). And Plaintiff's mere disagreement with the underlying reasons for Defendant's decision to terminate her is insufficient evidence of pretext. *See Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) ("[W]e must be careful

not to allow Title VII plaintiffs simply to litigate whether they are, in fact, good employees.").

Defendant has offered a legitimate nondiscriminatory purpose for the termination of Plaintiff's contract. Plaintiff has "not proffer[ed] sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual." *Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000). Defendant is, therefore, entitled to summary judgment on Plaintiff's claim that she was terminated because of her race and/or sex.

### 2. Age discrimination claim

To establish a *prima facie* case of age discrimination, the employee must show that (1) she was a member of the protected group between the age of 40 and 70; (2) she was subject to an adverse employment action; and (3) a substantially younger person filled the position from which she was discharged; and (4) she was qualified to do the job from which she was discharged. *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997).

As an initial matter, Plaintiff's complaint contains only a single passing reference to her age. (Doc. 1-2). She never references the age of any other individual. Plaintiff, therefore, has failed to identify that a "substantially younger" person filled the position from which she was discharged. That means she has not established a *prima facie* case of age discrimination. *See Marquez v. Costco*

16

*Wholesale Corp.*, 550 F. Supp. 3d 1256, 1277 (S.D. Fla. 2021) (recognizing that to prevail on an age discrimination claim, the plaintiff must "show that the person who filled the position from which she was demoted was 'substantially younger' than her").

But once again, even if Plaintiff made out a *prima facie* case of age discrimination, she has failed to show that Defendant's stated reason for terminating her employment was a pretext for illegal discrimination. "ADEA liability depends on whether age actually motivated the employer's decision, i.e., 'the plaintiff's age must have actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome.'" *Hicks-Washington v. Housing Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 302 (11th Cir. 2020). Plaintiff has offered no evidence to show that Defendant's stated reason for termination was simply a pretext for terminating her because of her age. All she has offered are conclusory statements. *Young v. Gen. Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) ("Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered extensive evidence of legitimate, non-discriminatory reasons for its actions."). Thus, Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Defendant's stated reason for termination was pretext for illegal discrimination. Summary judgment is, therefore, warranted.

### C. Defendant is entitled to summary judgment on Plaintiff's retaliation claims.

To establish a *prima facie* case of retaliation under either Title VII or the ADEA, a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some casual relation between the two events. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *see also Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (recognizing the elements of a *prima facie* case for retaliation claims are the same under both Title VII and the ADEA). Protected expression includes filing complaints with the EEOC or through an employer's internal grievance procedure. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018) (filing an EEOC complaint is protected conduct); *Rollins v. State of Fla. Dep't of L. Enf't*, 868 F.2d 397, 400 (11th Cir. 1989) (internal complaints of discrimination are statutorily protected conduct). "The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

Here, Plaintiff has not established a *prima facie* case of retaliation. Plaintiff argues she was retaliated against for refusing to sign her 2019 annual evaluation by Ms. Harris. But that is not a statutorily protected activity. Even assuming *arguendo*

18

that it was, Plaintiff has not established a causal connection between that action and her termination. Plaintiff refused to sign her review on July 1, 2019. The decision to non-renew her contract was made some eight to nine months after her 2019 evaluation. *See Anderson*, 379 F. App'x at 930 (recognizing that the plaintiff had failed to show a causal connection between any protected activity and the adverse employment action when the adverse employment action was made several months after the alleged protected activity). Plaintiff's conclusory assertions that her termination was retaliation for refusing to sign her 2019 evaluation is insufficient to establish a *prima facie* case. Even if it was sufficient, Plaintiff has failed to rebut Defendant's legitimate, non-discriminatory reason for her termination as described above.

## IV.   Conclusion

For the reasons above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 29) be **GRANTED**, Plaintiff's case be **DISMISSED with prejudice**, and the Clerk of Court be directed to close this case.

At Pensacola, Florida this 30th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.